**William J. GRIFFIN, Plaintiff–Appellee,**

v.

**The State of NEW YORK, New York State Office of Alcoholism & Substance Abuse Services, New York State Department of Civil Service,** New York State Department of Audit and Control, Jean S. Miller, Debora O'Brien–Jordan, Joseph Knych, Kenneth Baker and Sally Seeley, each sued in their respective official capacities with the State of New York and/or any of its agencies, Defendants,

Paul Puccio, Normand Caron, Michael Mecca, Thomas Torino, James P. O'Hanlon and William Tyrrell, each sued in their respective official capacities with the State of New York and/or any of its agencies, Defendants–Appellants.

No. 04–1174–CV.

United States Court of Appeals, Second Circuit.

Dec. 17, 2004.

Robert H. Easton, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, and Marion R. Buchbinder, Senior Assistant Solicitor General, on the brief), New York, NY, for Appellants.

Scott A. Korenbaum, Law Offices of Frederick K. Brewington, Hempstead, NY, for Appellee.

Present: WALKER, Chief Judge, SACK, and HALL, Circuit Judges.

## AMENDED SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be and it hereby is **DISMISSED.**

Defendants-appellants appeal from a February 6, 2004 order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*), which, *inter alia,* denied their motion for summary judgment on the basis of qualified immunity with respect to plaintiff-appellee William J. Griffin's claims alleging employment discrimination under 42 U.S.C. § 1983. Familiarity with the facts and procedural background is assumed. We dismiss the appeal.

We have jurisdiction to hear an interlocutory appeal from a denial of qualified immunity where the question of whether the defense is warranted can be resolved as a matter of law. *See Kaluczky v. City of White Plains,* 57 F.3d 202, 206 (2d Cir.1995) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Appellants argue that the district court erred by failing to define the right allegedly violated with the requisite specificity. In addition, appellant Tyrrell argues that the district court erred in failing to grant him qualified immunity based on the district court's previous dismissal of a state law claim under N.Y. Exec. Law § 296 against him.

Qualified immunity shields government officials performing discretionary duties from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The district court described the right allegedly violated by defendants as the right "to be free from

discrimination and retaliation in the workplace," and pointed to defendants-appellants' imposition of a probationary period on Griffin, while allegedly not imposing a similar probationary period on a similarly situated white employee, as raising an inference of discrimination. *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 88 (2d Cir.1996) (recognizing such actions as adverse employment actions in the Title VII context); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir.2004) (noting that substantive standards for claims under Title VII also apply to discrimination claims under the Equal Protection Clause). Griffin's right to be free from these alleged adverse employment actions based on race was therefore clearly established, and the district court properly refused to grant qualified immunity at this time on defendants-appellants' summary judgment motion.

■ Defendant-appellant Tyrrell's additional contention is likewise unsuccessful. The district court (Edward R. Korman, *Judge*) specifically held that Griffin's § 1983 Equal Protection claim against Tyrrell sufficiently alleged violation of a clearly established right. Pursuant to N.Y. Exec. Law § 297(9), it dismissed the parallel state law claim because of an outstanding administrative claim. That dismissal, based as it was on state procedural law, changed nothing as to the merits of the § 1983 analysis.

■ Since we cannot determine at this point that the defendants-appellants are entitled to the defense of qualified immunity as a matter of law, we are without appellate jurisdiction. *See McKenna v. Wright*, 386 F.3d 432, 438 (2d Cir.2004). The appeal is, therefore, **DISMISSED.**